UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO JOSE GADEA DUARTE,<br>A-244-339-915,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, et al.,<br><br>　　　　　Respondents. | No.  2:26-cv-1100-DC-CKD P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Fernando Jose Gadea Duarte is detained by Immigrations and Customs Enforcement (ICE) and proceeds without counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent has answered the petition. (ECF No. 6.) Petitioner did not file the optional reply and the time granted to do so has expired. (See ECF Nos. 5, 7.) For the reasons set forth below, the undersigned recommends the petition be denied as moot as to the requested relief in the form of an individualized bond hearing and otherwise denied.

Petitioner is a citizen of Venezuela who entered the United States in or around January of 2024. (ECF No. 6-1 at 2.) Petitioner was apprehended near the border and released on his own recognizance. (Id.) After being released from immigration custody on January 6, 2024, petitioner was arrested in Utah for a misdemeanor assault offense on December 25, 2025. (Id.) Subsequently, petitioner was targeted for immigration detention due to that arrest, and a warrant for his immigration detention was issued in advance of his arrest on February 4, 2026. (Id.)

1

In the pending petition, petitioner asserts a violation of the Immigration and Nationality Act (INA) (claim one) and a violation of the Due Process Clause of the Fifth Amendment (claim two). (ECF No. 1 at 6-7.) The petition seeks petitioner's release from custody, or, alternately, an individualized bond hearing before an immigration judge where the government must prove by clear and convincing evidence that detention is necessary. (Id. at 7.)

The court finds petitioner is detained under 8 U.S.C. § 1226, rather than § 1225, because he was re-detained by immigration officials in the interior of the United States. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61, 71 (2nd Cir. 2026) (holding § 1226(a) governed detention where there petitioner was arrested within the interior of the United States after living here for more than twenty years); Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (7th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)"). Section 1226(a) "is the default detention statute for noncitizens in removal proceedings[.]" Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Under § 1226(a), the government has discretion whether to release or detain the individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2).

On April 30, 2026, the district court judge assigned to this case ordered, by way of preliminary injunctive relief, that petitioner be provided a post-deprivation bond hearing within 14 days of the date of that order at which the government bore the burden of justifying petitioner's continued detention by clear and convincing evidence. (ECF No. 7.) Accordingly, the

alternate relief petitioner seeks in the form of an individualized bond hearing before an immigration judge has already been granted and the petition is moot as to that specific requested relief. See generally Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (a petition for writ of habeas corpus is deemed moot when it no longer involves a live case or controversy and the court cannot provide the primary relief sought in the petition); Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]").

Petitioner also requests release from custody. However, petitioner provides no authority showing he is entitled to an order of release. Moreover, respondents put forth evidence that petitioner was re-detained after they learned he had been charged with misdemeanor assault after his prior release from immigration detention. Respondents also provided documentation showing a warrant for petitioner's immigration detention was issued prior to his arrest. Petitioner did not dispute this evidence. "[W]here the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release." Chateauneuf v. Chestnut, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026).

In sum, both petitioner's statutory claim and due process claim are premised on the alleged deprivation of an individualized custody determination. (See ECF No. 1 at 6-7.) Such a hearing was already ordered to be provided. Petitioner has not asserted any claim that the procedures used at the hearing violated the Constitution or that the flight risk finding constituted an abuse of discretion. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (in constitutional challenges to an immigration judge's bond determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard). For all these reasons, petitioner fails to show he is presently in custody in violation of the Constitution or federal law.

////

////

3

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  Petitioner Fernando Jose Gadea Duarte's (A-244-339-915) application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied as moot as to the request for an individualized bond hearing and otherwise denied.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 10, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 duar1100.mer

4